**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TEVYN NEVADA LEE WILKINS,
    Plaintiff,

    vs

SOUTHERN OHIO CORRECTIONAL
FACILITY, *et al.*,
    Defendants.

Case No. 1:21-cv-260

Black, J.
Bowman, M.J.

**ORDER AND REPORT**
**AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), in Lucasville,

Ohio, has filed a pro se civil rights action, which the Court construes as filed pursuant to 42

U.S.C. § 1983.[1]  Plaintiff alleges that SOCF, the SOCF Warden, and various SOCF employees

violated his rights regarding the handling of various mail items.  (Docs. 1-1; 5-1).  By separate

Order, plaintiff has been granted leave to proceed *in forma pauperis.*

Plaintiff filed his original complaint in April 2021.  (Doc. 1-1).  In May 2021, plaintiff

filed another complaint.  (Doc. 5-1).  "A party may amend its pleading once as a matter of course

within . . . 21 days after service of a responsive pleading or 21 days after service of a motion

under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Because

defendants have not yet been served in this action, no defendant has answered plaintiff's original

complaint or filed a motion under Rule 12.  Thus, plaintiff may amend his complaint as a matter

of course.  *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th

Cir. Jan. 23, 2009) (holding that "Rule 15(a) permits a plaintiff to file an amended complaint,

without seeking leave from the court, at any time before a responsive pleading is served").

Plaintiff's second-filed complaint adds a defendant and appears to clarify his claims regarding

---

[1] *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

his legal mail.  The Court understands the second-filed complaint to be a supplemental amended complaint.  The **CLERK OF COURT** is hereby **DIRECTED** to update the docket sheet to reflect the supplemental amended complaint (Doc. 5-1) and the newly added defendant "Mrs. Robinson, SOCF Lt. in Mailroom" (Doc. 5-1, at PageID 44).

This matter is now before the Court for a s*ua sponte* review of the complaint, as supplemented, to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Also before the Court are plaintiff's May 5, 2021 motion for an extension of time to provide his prison trust fund account statement and second motion for leave to proceed *in forma pauperis*.  (Docs. 4, 5).  In light of the Court having now received plaintiff's prison trust fund account statement (Doc. 3)[2] and having granted plaintiff's initial motion for leave to proceed in forma pauperis, plaintiff's motion for an extension of time and second motion for leave to proceed *in forma pauperis* (Docs. 4; 5) are **DENIED as moot.**

I.     **Screening of Complaint**

A.     **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

---

[2]Plaintiff's prisoner trust fund account statement (Doc. 3) was received by the Court on May 5, 2021, the same date that plaintiff filed his motion for extension of time.

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.     **Plaintiff's Complaint**

In his complaint, as supplemented, plaintiff names the following defendants: SOCF, SOCF Warden Ronald Erdos, SOCF Inspector Linnea Mahlman, SOCF Deputy Warden of Operations Cynthia Davis, SOCF Lt. Hayward, and SOCF Lt. Robinson. (Docs. 1-1; 5-1). Plaintiff's action alleges three claims, all pertaining to the handling of his mail.

First, plaintiff's initial and supplemental complaints allege that defendants Erdos, Mahlman, Davis, Hayward, and Robinson improperly denied him "legal mail" from his attorney and the Ohio Justice and Policy Center on the basis that a drug dog "hit" the mail or the mail could not "be verified by the sender." (Doc. 1-1, at PageID 14; Doc. 5-1, at PageID 48). Plaintiff clarifies in his supplemental amended complaint that defendants Erdos and Robinson allegedly "signed 'the contraband slip' stating my legal mail caused a threat to the institution" and that defendants Davis and Mahlman failed to properly investigate his complaints regarding his legal mail. (Doc. 5-1, at PageID 48).

Next, plaintiff alleges in his initial complaint that defendants Erdos, Mahlman, Davis, and Hayward improperly denied him mail containing magazines and books as contraband, stating either that the items did not have a receipt with them or had been ordered by a non-approved visitor.  Plaintiff asserts that there are no prison rules prohibiting his receipt of these items.  (Doc. 1-1, at PageID 14).

Finally, plaintiff alleges that defendants Erdos, Mahlman, Davis, and Hayward improperly denied him religious items that he ordered on the basis that an "unapproved visitor ordered it for [him]."  (Doc. 1-1, at PageID 13, 14).  Plaintiff alleges that, when he reordered the items, these defendants again denied him the items on the basis that "[t]he organization refused to produce a receipt."  (Doc. 1-1, at PageID 13).

Plaintiff seeks monetary and injunctive relief.  (Doc. 1-1, at PageID 15).

**C.     Analysis**

Liberally construed and without the benefit of briefing by the parties, the complaint, as supplemented, is deserving of further development and may proceed out of an abundance of caution as to plaintiff's legal-mail claims against defendants Erdos and Robinson. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).  However, the complaint should otherwise be dismissed for failure to state a claim.

As an initial matter, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages.  Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).  The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524,

527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Next, plaintiff's claims against SOCF are subject to dismissal. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will,* 491 U.S. at 71. Therefore, plaintiff's complaint against SOCF fails to state a claim for relief under 1983.

Further, although "[p]risoners retain the First Amendment right to the free exercise of their religion," subject to restrictions, *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011), and to receive mail, subject to reasonable limitations for "legitimate penological objectives," *Sallier v. Brooks*, 343 F.3d 868, 873-74 (6th Cir. 2003), plaintiff has failed, with the exception of his legal-mail claims against defendants Erdos and Robinson, which the Court has allowed to proceed in an abundance of caution, to allege specific actions taken by the defendants that

violated his rights.[3]  Rather, plaintiff's complaint generally groups the defendants together and contains only conclusory allegations of wrongdoing.  A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior, *see Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).  *See also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.").  Accordingly, with the exception of his legal-mail claims against defendants Erdos and Robinson, plaintiff's claims are subject to dismissal.

To the extent that plaintiff alleges that defendants Davis and Mahlman failed to take corrective action after they were notified of his complaints regarding his legal mail (Doc. 5-1, at PageID 48), such allegations are insufficient to state a claim upon which relief may be granted. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Therefore, plaintiff's allegations that these defendants failed to take corrective action are simply insufficient to give rise to actionable § 1983 claim.  *Cf. Chappell v. Morgan*, No. 2:15-cv-1110, 2016 WL 738098, at *4 (S.D. Ohio Feb. 25, 2016) (Kemp, M.J.) (Report & Recommendation) (citing *Shehee*, 199 F.3d at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)), *adopted*, 2016 WL 1109093 (S.D. Mar. 21, 2016) (Watson, J.).

Additionally, to the extent that plaintiff attempts to allege a retaliation claim, his

---

[3]As discussed below, plaintiff's allegations that defendants Davis and Mahlman failed to take corrective action after they were notified of his complaints regarding his legal mail are insufficient to state a claim upon which relief may be granted.

conclusory assertion that defendants are "retaliating against [him]" (*see* Doc. 1-1, at PageID 15) is insufficient to state a claim for relief.  *Twombly*, 550 at 555–57.

Accordingly, in sum, the complaint, as supplemented, may proceed at this juncture as to plaintiff's legal-mail claims against defendants Erdos and Robinson.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

However, plaintiff has failed to provide summons or United States Marshal forms so that service may be issued on defendants Erdos or Robinson.  Plaintiff is therefore **ORDERED** to submit a summons form and a United States Marshal form for defendants Erdos and Robinson **within thirty (30) days** of the date of this Order.  Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint, as supplemented, be **DISMISSED with prejudice,** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** plaintiff's legal-mail claims against defendants Erdos and Robinson.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's motion for an extension of time and second motion for leave to proceed *in forma pauperis* (Docs. 4; 5) are **DENIED as moot.**

2.  Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit completed summons and United States Marshal forms for defendants Erdos and Robinson.

3.  The **Clerk of Court** is **DIRECTED** to send to plaintiff a summons form and a United States Marshal form for this purpose.  Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TEVYN NEVADA LEE WILKINS,                    Case No. 1:21-cv-260
     Plaintiff,

                                            Black, J.

     vs                                      Bowman, M.J.

SOUTHERN OHIO CORRECTIONAL
FACILITY, *et al*.,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).